[No. A035365. First Dist., Div. Two. July 16, 1987.]

In re the Marriage of J. HELEN and HORATIO R. MELONE.
J. HELEN MELONE, Respondent, v.
HORATIO R. MELONE, Appellant.

**COUNSEL**

W. Urie Walsh and Horatio R. Melone, in pro. per., for Appellant.

Michael S. Lunas and Feeney & Lunas for Respondent.

**OPINION**

**KLINE, P. J.**—Appellant Horatio Robert Melone appeals from a denial of his motion to vacate and set aside a pendente lite order for spousal support and attorney's fees and costs awarded upon his default to respondent J. Helen Melone. He contends the lower court erred in refusing to set aside the order which, he claims, was marred by respondent's fraudulent conduct. We reject this contention, affirm the judgment and remand for a determination of a proper award of attorney's fees and costs to respondent.

### STATEMENT OF THE CASE

Respondent filed a petition for legal separation on August 30, 1985. At that time she also filed her property declarations and her income and expense declaration.

In conjunction with that submission respondent filed her application and declaration for temporary restraining orders and for an order to show cause requesting a temporary order of spousal support and attorney's fees and costs, along with injunctive relief.

On September 3, 1985, appellant was served with both the petition and its supporting documents and the order to show cause and its supporting documents. Appellant acknowledges receipt of service on or about September 3, 1985.

On September 20, 1985, appellant's counsel telephoned respondent's counsel to discuss the request for temporary support. Appellant's counsel indicated appellant was experiencing financial difficulties and had little or no ability to pay support. Respondent's counsel offered to delay seeking support for four to six weeks if appellant would stipulate in writing to the other requested relief prior to the hearing date of September 30. Appellant's counsel stated he would consult with his client and requested respondent's attorney to prepare a written stipulation.

Respondent's counsel drafted the proposed stipulation and forwarded it to appellant's counsel under letter dated September 23, 1985.

After the phone conversation of September 20, 1985, no further written or oral communications were received from appellant regarding the scheduled hearing or the proposed stipulation.

The hearing on the order to show cause came before the court on September 30, 1985, at 9 a.m. Appellant made no appearance. The matter was submitted on the pleadings and taken under submission by the court.

On October 1, 1985, the court filed its ruling granting upon appellant's default the relief sought under the order to show cause. On October 2, 1985, an order after hearing was filed ordering the requested relief including temporary spousal support and attorney's fees and costs.

Thereafter, appellant's counsel was served with a copy of the order after hearing and, on October 7, 1985, appellant's counsel contacted respondent's counsel by telephone regarding the order. Appellant's counsel was informed that, since the executed stipulation had not been received and there had been no further communication concerning the stipulation or a request for a continuance, the matter had been submitted to the court.

On October 15, 1985 respondent's counsel finally received the stipulation, which had been belatedly signed on October 8, 1985.

On January 15, 1986, appellant filed his motion seeking to set aside the October 2, 1985, award of temporary spousal support and attorney's fees and costs. Pleadings in opposition to that motion were filed on February 7, 1986. The hearing on the motion was set for February 18, 1986; the matter

was continued by stipulation of counsel and thereafter heard on June 2, 1986.

In the interim, on March 26, 1986, appellant filed his response to the petition, in which he requested a nullification of marriage on the grounds of a prior existing marriage, and his property declaration. On April 7, 1986, appellant filed a supplemental memorandum in support of his motion to vacate the temporary order of spousal support. On April 16, 1986, appellant filed his income and expense declaration.

After hearing argument on June 2, 1986, the court entered its order denying the motion to set aside the order granting temporary spousal support and further denying the request for fees and costs. Appellant now appeals from that judgment.

## DISCUSSION

### A. *Appellant's Contentions*

Appellant argues respondent breached her duty of disclosure and perpetrated a fraud by failing to reveal to the court pertinent information concerning her request for support. It is not clear exactly what appellant believes should have been revealed; appellant appears to be claiming that respondent was obligated to advise the court of appellant's asserted financial difficulties and the possible revocation of his medical license. He further maintains respondent should have informed the court of the offered stipulation and her willingness to postpone seeking support.

Appellant relies primarily on *In re Marriage of Park* (1980) 27 Cal.3d 337 [165 Cal.Rptr. 792, 612 P.2d 882]. There, appellant was prevented from appearing at her dissolution proceeding because she was arrested and hastily deported to Korea without an opportunity to contact the lawyer handling her divorce. Her husband was present at her arrest but did not inform the court of the reason for her absence from the hearing. The Supreme Court observed that if the court had known of Mrs. Park's deportation the hearing might have been postponed until she could attend. Under these circumstances the court concluded Mr. Park had a duty to inform the court of the "extrinsic facts that prevented his wife's attendance." (27 Cal.3d at p. 343.) *Park* involved intentional concealment of crucial facts which would have explained Mrs. Park's absence from the hearing. The facts in this case cannot in any way be compared to Mr. Park's egregious behavior.[1]

---

[1] The other cases cited by appellant provide no support for his position. For example, in *Estate of Sanders* (1985) 40 Cal.3d 607 [221 Cal.Rptr. 432, 710 P.2d 232] an executor told

■ It is well settled that "an otherwise valid and final judgment may only be set aside if it has been obtained through extrinsic, not intrinsic, fraud." (*In re Marriage of Stevenot* (1985) 154 Cal.App.3d 1051, 1068 [202 Cal.Rptr. 116].) Extrinsic fraud exists "where the defrauded party was deprived of the opportunity to present his or her claim or defense to the court, that is, where he or she was kept in ignorance or in some other manner, other than from his or her own conduct, fraudulently prevented from fully participating in the proceeding." (*Ibid.*) "Relief is denied, however, if a party has been given notice of an action and has not been prevented from participating therein." (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 472 [82 Cal.Rptr. 489, 462 P.2d 17].) Thus, where a party had the opportunity "to protect himself or herself from any mistake or fraud of his or her adversary, but unreasonably neglected to do so" no relief is available. (*In re Marriage of Stevenot, supra,* at p. 1069.)

■ With these principles in mind it is apparent that no extrinsic fraud was involved in this case.

Initially, we note that respondent's attorney, Mr. Lunas, merely proposed an agreement to postpone a request for support, which proposal had not been accepted at the time of the hearing. Mr. Lunas's letter of September 23 states: "Based upon your representations of Dr. Melone's present income, his financial status, and the problems with his earning capacity, my client is willing to continue the request for temporary support to a future date of approximately four to six weeks from now. She is willing to do so *if* Dr. Melone agrees to the entry of the other temporary orders requested . . . *Of course, I must receive the stipulation prior to the hearing date of September 30, 1985, for the matter to be taken care of without an appearance.*" (Italics added.)

Despite the very clear indication in the letter that the proposed stipulation was to be executed and returned prior to September 30, the stipulation was not signed until October 8 and was not received by respondent's attorney until October 15. Having not received the proposed stipulation by the date of the hearing, respondent's attorney prudently assumed appellant had

beneficiaries under a will they would receive the bulk of the estate and he would represent their interests, all the while concealing the fact that he had arranged for the decedent to change her will and leave the majority of the estate to him. These allegations were deemed sufficient to establish a cause of action for extrinsic fraud.

In *Aldrich* v. *San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725 [216 Cal.Rptr. 300] the appellate court affirmed a trial court decision to set aside a dismissal for failure to answer interrogatories where an attorney who had been suspended from practice abandoned the party, who had no knowledge of the motion to dismiss.

The facts of these cases are hardly analogous to those here.

not agreed to the stipulation and thus requested the full relief originally sought.

The conduct of respondent's counsel, which seems to us entirely appropriate, certainly did not deprive appellant of the opportunity to present his claim or keep him in ignorance of the proceedings. (*In re Marriage of Stevenot, supra,* at p. 1068.) Furthermore, neither the record nor the relevant law supports appellant's contention that respondent was obliged to accept appellant's counsel's unsworn oral declarations of appellant's dire financial condition and then submit such "evidence" to the court. It should have been apparent to appellant and his counsel that if the proposed stipulation was not timely returned the hearing would go forward as scheduled and appellant would be responsible for presenting evidence favorable to him. In her moving papers respondent had previously revealed to the court that appellant might not be able to continue his practice due to the likely suspension of his medical license. She had no duty to further elaborate on this point. As far as the record indicates, appellant's and his attorney's failure to appear at the hearing was the result of their own neglect, and not respondent's fraud. As such, no relief is available to appellant on this appeal.

## B. *Award of Attorney's Fees and Costs*

Respondent urges us to order appellant to pay the attorney's fees and costs she has incurred in connection with this appeal. She argues that Code of Civil Procedure section 907 and rule 26, California Rules of Court, both support imposition of such an award where an appeal "is frivolous or taken solely for the purpose of delay."[2] The Supreme Court has stated that "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

We need not decide whether appellant's appeal may be characterized as frivolous since we have concluded that respondent may be awarded attor-

---

[2] Code of Civil Procedure section 907 provides as follows: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." The relevant portion of rule 26 states that: "Where the appeal is frivolous or taken solely for the purpose of delay . . . the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

ney's fees and costs pursuant to Civil Code sections 4370 or 4370.5, which do not require that the appeal be frivolous within the meaning of *Flaherty* or otherwise.[3]

Section 4370 states, in relevant part, that a court may make an award of attorney's fees and costs "as may be reasonably necessary for . . . maintaining or defending the proceeding . . . ." Similarly, section 4370.5[4] also gives courts the power to award fees and directs the courts, when making such awards, to consider "[t]he need for the award to enable each party . . . to have sufficient financial resources to adequately present his or her case . . . ." ██ In addition, in enacting section 4370.5, the Legislature for the first time acknowledged that reprehensible conduct short of bad faith was a pertinent factor in a court's determination of a proper attorney's fee award.[5] Section 4370.5, subdivision (b)(2), specifically provides that the court shall take into consideration "[t]he extent to which

---

[3] Though the availability of fees under sections 4370 and 4370.5 was first raised by the court, rather than by any party, the parties, who waived oral argument, were invited to submit briefs on the availability of attorney's fees in this case under those provisions.

[4] The full text of section 4370.5 is as follows: "(a) The court may make an award under this chapter [for attorney's fees and costs in family law cases] where the making of the award, and the amount of the award, is just and reasonable under the circumstances of the respective parties.

"(b) In determining what is just and reasonable under the circumstances, the court shall take into consideration both of the following: "(1) The need for the award to enable each party, to the extent practical, to have sufficient financial resources to adequately present his or her case, taking into consideration to the extent relevant the circumstances of the respective parties described in subdivision (a) of Section 4801. [Section 4801 provides a list of factors to be considered when determining a support award.]

"(2) The extent to which the conduct of each party and the attorney furthers or frustrates the policy of the law to promote settlement of litigation, and where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys.

"(c) The court may order payment of the award from any type of property, whether community or separate, principal or income."

[5] Prior to the enactment of this statute in 1985 a party's reprehensible conduct during litigation was relevant to an award of attorney's fees only if the conduct demonstrated that the appeal was prosecuted in bad faith—for the purpose of harassment or delay. (See *In re Marriage of Bergman* (1985) 168 Cal.App.3d 742, 763-764 [214 Cal.Rptr. 661] [affirming award of attorney's fees under Code Civ. Proc., § 128.5 for expenses incurred as a result of "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." (fn. omitted.)])

The enactment of section 4370.5—which provides that conduct falling short of *Flaherty's* stringent standard may nonetheless warrant the shifting of attorney's fees — recognizes that the "policy of the law to promote settlement of litigation" has special application to domestic relations cases, which tend to be more emotionally charged than most other forms of civil litigation. As has been noted, the "prompt and equitable resolution of marital difficulties rather than their bitter prolongation" is "a desirable objective of domestic litigation" (*In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 113 [113 Cal.Rptr. 58]), and it is proper for trial judges to take this into account in awarding attorney's fees at trial in order to provide an incentive for "[c]onscientious and successful efforts by counsel to resolve as many areas of disagreement as possible without judicial intervention . . . ." (*Ibid.*)

the conduct of each party and the attorney furthers or frustrates the policy of the law to promote settlement of litigation, and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."[6]

We are convinced that appellant's prosecution of this appeal warrants an award of attorney's fees to respondent under either of these two provisions. First, respondent has made a prima facie showing of need that satisfies both sections 4370 and 4370.5, subdivision (b)(1). Despite appellant's claim of poverty, the record indicates he may be much better equipped than respondent to pay her attorney's fees and costs. A letter written by appellant's attorney below in September 1985 states that at that time appellant owned property which was being offered for sale for $900,000. Appellant also owned numerous horses.[7] In comparison, respondent asserted she had more than $1,100 in monthly expenses and no way of supporting herself.

Furthermore, we are convinced that appellant engaged in the kind of conduct section 4370.5, subdivision (b)(2) was designed to discourage. Respondent's attorney initially attempted to accommodate appellant by offering to postpone efforts to obtain spousal support. Appellant failed to sign and return the proffered stipulation in a timely fashion and then did not appear at the scheduled hearing. When support was awarded upon appellant's default he quixotically attempted to have the support order set aside rather than modified.[8] Finally, appellant brought this appeal based on the exceedingly dubious claim that respondent had perpetrated a fraud on the court. In sum, appellant failed to take advantage of the offered stipula-

---

[6] It is not clear whether subdivision (b)(1) of section 4370.5 requires the party seeking fees to make the same, or some lesser, showing of need than would be required under section 4370. It seems unimaginable to us that the Legislature would enact a new statute, which commands trial courts to consider the inappropriate trial conduct of the parties, and then intentionally require the innocent party to show both need *and* wrongful conduct, thereby creating a more stringent burden of proof than that which existed under the existing fee statute, which only required that need be demonstrated. This anomalous result was almost certainly the product of legislative inadvertence. If the Legislature desires to make attorney's fees more readily available in family law cases in which one party has been put to the expense of prosecuting or defending unnecessary litigation—as clearly appears to have been its primary purpose when it enacted section 4370.5—it should repeal subdivision (b)(1) of that statute.

[7] Appellant's counsel claimed certain of this property was appellant's separate property. Even if that is true it still may be used to support an award of attorney's fees and costs, as section 4370.5, subdivision (c), provides that attorney's fee awards may be based upon "any type of property, whether community or separate, principal or income."

[8] Respondent asserted that she had more than $1,100 per month in expenses. She had not been employed since 1975 and had little money available to support herself. In comparison, as we earlier noted, appellant had substantial assets. Under these circumstances it is almost certain respondent would have been awarded some support; if appellant wished to challenge the amount awarded, a request for modification would have been far more appropriate and likely to succeed.

tion and then tenaciously pursued unnecessary litigation to correct his own negligence. Section 4370.5 provides a way for respondent to be reimbursed for the expenses she incurred in defending herself against appellant's actions.

Upon remand the trial court shall determine the amount of attorney's fees reasonably incurred by respondent in connection with this appeal and, after examining the financial resources of the respective parties, whether it is just and reasonable to order appellant to pay all or part of the fees respondent incurred.[9]

The judgment is affirmed and the case remanded for further proceedings consistent with this opinion.

Smith, J., and Benson, J., concurred.

---

[9] If, upon remand, it appears to the court or is claimed that it was not appellant but his counsel who was responsible for the inappropriate handling of this case the court may inquire into the matter and, if appropriate, allocate to counsel the responsibility to pay all or a portion of the fees pursuant to section 4370.5.