[No. H006193. Sixth Dist. June 26, 1991.]

In re the Marriage of FRANK and LILIA HUBLOU.
FRANK HUBLOU, Appellant, v.
LILIA HUBLOU, Respondent.

958

**COUNSEL**

Robin Yeamans for Appellant.

S. Clay Bedford for Respondent.

**OPINION**

**CAPACCIOLI, J.—**

*Summary*

Frank Hublou (Husband) appeals after the trial court ordered him to pay to Lilia Hublou (Wife) $5,000 of the attorney fees and costs she incurred opposing his motion to reduce spousal support. We will affirm as there was no abuse of discretion.

## Facts and Proceedings

Pursuant to a July 1987 stipulation, Husband agreed to pay Wife spousal support of $1,000 per month commencing August 1, 1987. The stipulation was incorporated into the judgment of dissolution filed in April 1988. The judgment also provided that Wife would use her "best efforts" to obtain employment; if Wife failed to use her best efforts to obtain employment, "the court may attribute income to her based on her earning capacity"; spousal support would be reviewed one year from July 9, 1987; and the sole purpose of the one-year review hearing would be "to determine whether wife has used her best efforts to obtain employment."

In August 1988, approximately one month after expiration of the one-year review period, Husband filed a motion for review of the spousal support order and requested a reduction of support to $400 per month. Husband's income and expense declaration stated his gross income at $5,904 per month, net income at $3,147.62 per month, and expenses at $3,170 per month. Husband's stated net income was slightly greater than the amount of his net income specified in the judgment.

Wife subsequently filed an income and expense declaration stating her gross monthly income was $548.64, that net income was $455.50, and that her expenses were $2,303.34 per month. Wife's stated net income was slightly less than the amount of her net income specified in the judgment.

Before the motion came on for hearing, the parties entered into a court-approved stipulation in February 1989 continuing the matter for 90 days and directing Wife to cooperate with a vocational examiner in attempting to seek full-time employment.[1]

The motion was heard in June 1989. Three witnesses testified for Husband: the vocational examiner, a real estate appraiser, and Husband. The vocational examiner testified that in his opinion Wife had not utilized her best efforts in seeking to obtain full-time employment. The real estate appraiser gave his opinion as to the value of the marital residence now owned by Wife. Husband testified concerning his income as an international sales manager with Hewlett-Packard Company and his various assets and expenses.

---

[1]The stipulation also stated: "During said 90 days [Wife] shall use her best efforts to seek full-time permanent employment commensurate with her skills and background. [¶] At the next hearing if [Wife] has not obtained full-time employment [Wife] shall submit to the court a written plan for obtaining full-time employment and documentation of her job search efforts. . . . [¶] If the court finds lack of best efforts on the part of [Wife] the court may reduce spousal support to $750 per month or other figure the court finds appropriate. . . ."

Wife testified on her own behalf concerning her employment background and efforts to seek full-time employment. Wife testified that she had worked only briefly during the marriage. Since the dissolution she had made every effort to seek employment, but had been able to secure work as a temporary clerical employee only.

At the conclusion of the hearing the court found that Wife had made "good efforts" to seek employment but that those efforts were nonetheless not the "best efforts" contemplated by the judgment. In assessing whether the absence of best efforts justified a reduction in spousal support, the court indicated it had considered a number of factors, including the parties' standard of living during marriage, the earning capacities of both parties, Wife's contributions to the home during the lengthy marriage, the needs of the parties, the obligations and assets of the parties, the age and health of the parties, and the tax consequences.

A consideration of these factors led the court to conclude that an income of $1,300 per month should be imputed to Wife based on the amount she could be earning. The court noted that even after imputing this income to Wife that the existing $1,000 per month spousal support order "isn't enough." In spite of this observation the court reduced the spousal support to $925 per month.[2]

The issue regarding the parties' responsibilities for attorney fees and costs incurred in connection with the motion was taken under submission. Husband's attorney filed a declaration specifying Husband's fees and costs totalled $10,501.30. Wife's attorney filed a declaration stating Wife's fees and costs totalled $6,769.25.

By minute order the court ordered Husband to pay Wife's attorney $5,000 in attorney fees and costs. In pertinent part, the court wrote:

[2]The court stated: "There's no motion, obviously, to increase support and I won't consider that. The previous order contemplated income, net incomes which are already in the judgment and I'm not going to review that. What the court is going to consider in this case however is based on the failure to apply best efforts that there has to be some reduction in the support as a warning perhaps, if you want to call it that, as a sign post to say to wife at this point you've got to do better, the court anticipates you doing better, but the ultimate consequence of you not having done so in this case based on the fact that husband is making $5,900 gross per month, is going to be mitigating.

"The way I'm mitigating it is for a number of reasons. One of the factors certainly is standard of living; and the second factor that plays very heavily in the court's view is duration of the marriage; the third factor is the minimum degree extent of employable skills that the court sees at this point other than typing and simple clerical, and basically as a result of the fact that she had to be a homemaker, frankly, and raise three children to adulthood, and that's worthy of consideration by any court.

"So bottom line in this case the court is going to reduce the spousal support in this case based on the failure to use best efforts to $925 per month, and that will be effective this month henceforth."

"Because Petitioner/husband is earning approximately $5,924 per month gross income and the wife by court decision has imputed income in the amount of $1300 per month gross, any attorney's fees award based on need and ability to pay necessarily favors the Respondent/wife. Though it has been wife's lack of 'best efforts' to seek or obtain full-time employment that has been the genesis for the present motion, the result in the Court's view hardly justified the means. Under these circumstances, the Court shall find and hereby order that Petitioner pay to Respondent's counsel the sum of $5000.00 as and for attorney's fees and costs in the present action. (Civil Code sections 4370, 4370.5)."

## Arguments

Husband argues the trial court abused its discretion in making the $5,000 award because Wife failed to show a need for the award as required by Civil Code sections 4370 and 4370.5.[3] Husband also contends he did not engage in any type of wrongful conduct warranting the award of fees and costs as sactions under section 4370.5, particularly since he was the prevailing party on the motion.

Wife responds: she established a need for the award under section 4370; a showing of need is not required under section 4370.5 as an award thereunder may be justified against a party who frustrates the policy promoting settlement of dissolution cases; and the court did not abuse its discretion under either section by awarding her $5,000.

## Analysis

Orders directing payment of attorney fees based on need in dissolution proceedings were authorized by the original Civil Code enacted in 1872. Former section 137 provided: "While an action for divorce is pending the Court may, in its discretion, require the husband to pay as alimony any money *necessary* to enable the wife to support herself or her children, or to prosecute or defend the action." (Italics added.)

After a number of revisions, the power to award attorney fees was reposed in section 4370, which was added in 1970. Subdivision (a) thereof provided in relevant part: "In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees *as may be reasonably necessary* to maintain or defend any subsequent proceeding therein, and may thereafter augment or modify any award so made." (Stats. 1970, ch. 311, § 1, p. 705.) (Italics added.) The underlined language

---

[3]Unspecified section references are to the Civil Code.

reveals that a showing of need remained a requirement for an award of attorney fees and costs nearly a century after the original enactment.

The permissible bases for an attorney fee award were expanded in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], where the Supreme Court held that attorney fees and costs may be awarded without a showing of need against a party for its bad faith conduct.

The concept of bad faith as supporting an award of fees and costs was incorporated into the attorney fees and costs equation in 1985 with the enactment of section 4370.5. As enacted, this section provided, in subdivision (a), that the court may award attorney fees and costs "where the making of the award, and the amount of the award, is just and reasonable under the circumstances of the respective parties." (Former § 4370.5, subd. (a); Stats. 1985, ch. 362, § 1, p. 1517.) In determining what was just and reasonable under this original version of section 4370.5, the trial court was required to consider, under subdivision (b), *both* (1) the need for the award to enable each party to have sufficient financial resources to adequately present his or her case in light of the various factors affecting spousal support orders under section 4801, and (2) "[t]he extent to which the conduct of each party and the attorney furthers or frustrates the policy of the law to promote settlement of litigation, and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (Former § 4370.5, subd. (b)(2)) Thus, even with the expansion of the bases for an attorney fee and cost award, consideration of need was still required.

The new section 4370.5 was intended to set forth the general standards for making an award of attorney fees and costs in dissolution proceedings. This follows from the language of the statute itself, which specifies that it applied to awards under "this chapter." As the only other sections in "this chapter" were section 4370, which generally authorized awards, and section 4371, which specified the procedure for enforcing the awards, it seems clear that this section merely set forth the pertinent considerations for attorney fee and costs awards, rather than providing a basis for such awards *alternative* to existing section 4370.

This conclusion finds further support in the Law Revision Commission's Comment to section 4370.5, which states in part: "Subdivision (a) of Section 4370.5 states the general standard for an award of costs and attorney's fees in family law proceedings. Subdivision (b) lists two important factors the court should consider in making such an award. The factors listed in subdivision (b) are not exclusive, and the court may consider any other proper factors, including the likelihood of collection, tax considerations, and

other factors announced in the cases. [Citation.]" (See also 18 Cal. Law Revision Com. Rep. (1986) pp. 351, 355, 355-356.) ▆ This comment, which is entitled to great weight (*Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 249-250 [66 Cal.Rptr. 20, 437 P.2d 508]; accord *Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court* (1990) 217 Cal.App.3d 464, 469 [266 Cal.Rptr. 50]), shows that section 4370.5 was intended to specify several of the pertinent factors for an award of attorney fees authorized by section 4370. In other words, section 4370.5 did not provide an alternative basis for attorney fees and cost award.

▆ Despite this rather clear expression of legislative intent, at least one court has labored under the misapprehension that sections 4370 and 4370.5 set forth different standards for determining whether attorney fee and cost awards are justified in family law proceedings. As section 4370.5 was not added until 1985, and there are relatively few decisions interpreting both of these two sections, it is perhaps understandable that the parties have also urged this purported distinction upon us.

The confusion, it would seem, can be traced to subdivision (b)(2) of section 4370.5, which signalled legislative approval of the *In re Marriage of Flaherty*, *supra*, 31 Cal.3d 637, 650, holding regarding wrongful conduct as supporting an attorney fee and cost award. In *In re Marriage of Melone* (1987) 193 Cal.App.3d 757 [238 Cal.Rptr. 510], the First District Court of Appeal, Division Two, concluded that section 4370.5 provided a distinct basis for an attorney fee and cost award due to the addition of this separate element of wrongful conduct not amounting to bad faith. The court, however, was unsure whether a showing of need was required under the new section, so it urged the Legislature to amend section 4370.5 to clarify this ambiguity. (*In re Marriage of Melone*, *supra*, 193 Cal.App.3d 757, 765, fn. 6.)

The Legislature declined the invitation, perhaps because the statutory language and Law Revision Commission Comment discussed above made clear that section 4370.5 set forth the relevant standards for an attorney fee and cost award under section 4370, rather than setting forth an alternative basis for the award.

The Legislature did, however, amend section 4370.5 in 1989 in response to *In re Marriage of Norton* (1988) 206 Cal.App.3d 53, 58, 60 [253 Cal.Rptr. 354], which permitted an award of attorney fees in the absence of need but only if it did not impose an unreasonable financial burden on the party against whom the fees were awarded. After *Norton* a second sentence was added to subdivision (b)(2) of section 4370.5. That sentence read: "An award of attorney fees and costs pursuant to this paragraph is in the nature of a

sanction. In making an award pursuant to this paragraph, the court shall take into consideration all evidence concerning the parties' incomes, assets, and abilities. The court shall not impose a sanction pursuant to this paragraph that imposes an unreasonable financial burden upon the party against whom the sanction is imposed." (Stats. 1989, ch. 1105, § 3.)

■■ ■■■■ ■■■■ This amendment made no change to the interrelationship of sections 4370 and 4370.5, but made clear that an award based principally on the conduct of a party or attorney who furthers or frustrates the policy of promoting settlement and reducing costs must be made in light of the financial circumstances of the parties. (*Ibid.*)[4]

In 1990 the Legislature completely revised section 4370.5. Subdivision (a) now permits an award that is just and reasonable under the *relative* circumstances of the parties, and subdivision (b) now specifies that the parties' financial resources are but one factor to be assessed in determining "how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances", and the fact that the party requesting the fee has the resources to pay it is not by itself a bar to such request. The concept of wrongful conduct as justifying an award of fees and costs was deleted from section 4370.5 and moved to a new section 4370.6, which is substantially similar to former section 4370.5, subdivision (b)(2), except that notice and a hearing are now required before fees and costs may be awarded as a sanction. (Civ. Code, § 4370.6, subd. (b); Stats. 1990, ch. 893, § 2.)

Several pertinent principles emerge from the history of these sections. First, in the absence of tactics designed to frustrate further settlement or to increase or decrease costs, an award of attorney fees and costs generally requires a showing of need as measured by the factors affecting an award of spousal support set forth in section 4801, subdivision (a). (§ 4370.5, subd. (b)(1).) Second, where the award is based primarily on the merits or demerits of a particular litigation approach, the financial circumstances of the parties must be considered nonetheless. (§ 4370.6; Stats. 1990, ch. 893, §§ 1, 2, former § 4370.5, subd. (b)(2); Stats. 1989, ch. 1105, § 3, former § 4370.5, subd. (b); Stats. 1985, ch. 362, § 1, p. 1517.) Finally, for awards based

---

[4]Despite this rather clear expression of legislative intent, Division Two of the First District continues to adhere to the erroneous view that sections 4370 and 4370.5 are mutually exclusive rather than complementary. (See *In re Marriage of Joseph* (1990) 217 Cal.App.3d 1277, 1287-1290 [266 Cal.Rptr. 548].) In all fairness, though, we note that Division Two of the First District has at least recognized that "while the trial court must *consider* both need and the parties' litigation conduct, these factors may be weighted and weighed so that an award may be made even where no need has been demonstrated." (*In re Marriage of Joseph*, *supra*, 217 Cal.App.3d 1277, 1290, original italics.)

principally on the wrongful conduct of a party or attorney, notice and a hearing is required before sanctions may be imposed.[5]

■ Despite these numerous statutory changes, there is no indication that the standard of review of such awards has changed from the long-standing abuse of discretion standard applicable to awards under section 4370. The factors affecting an award under this section were summarized by the Supreme Court in *In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769 [209 Cal.Rptr. 354, 691 P.2d 1020]. "Civil Code section 4370 provides that '[i]n respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding . . . .' The purpose of the award is to provide the parties, if necessary, with an amount adequate to properly litigate the controversy. [Citations.]

"In making its determination as to whether or not attorney fees and costs should be awarded, the trial court considers the respective needs and incomes of the parties. [Citations.] Further, the trial court is not restricted in its assessment of ability to pay to a consideration of salary alone, but may consider all the evidence concerning the parties' income, assets, and abilities. [Citations.]

"Finally, a motion for attorney fees and costs in a dissolution proceeding is left to the sound discretion of the trial court. [Citations.] In the absence of a clear showing of abuse, its determination will not be disturbed on appeal. [Citations.] '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made. . . .' [Citation.]" (37 Cal.3d at pp. 768-769.)

■ Returning now to the present case, it will be recalled that Husband argues that Wife failed to show the requisite need for such an award, particularly in light of her retention of the valuable marital residence. He argues the court erred by relying solely on the parties' respective incomes in assessing Wife's need for an attorney fee and costs award. Husband also proposes that his conduct in pursuing the motion was entirely reasonable, and that it was improper to award attorney fees and costs against him as he was the prevailing party.

---

[5]We express no opinion on whether the notice and hearing requirements of newly enacted section 4370.6 are merely procedural amendments applying to sanctions for wrongful conduct imposed prior to the statute's effective date of January 1, 1991.

As discussed below, in the present case we need not reach that issue because we determine the award is fully supported by Wife's showing of need under sections 4370, 4370.5, and 4801.

We think Husband focuses unduly on the reference in the minute order to the parties' respective incomes as justifying the award. In discussing from the bench the merits of Husband's motion for reduced support, the court stated it had considered not only the parties' incomes, but also their standard of living during marriage, their earning capacities, Wife's contributions to the home during the lengthy marriage, the parties' assets, age and health, and the tax consequences. These factors mirror those set forth in section 4801, which are to be considered in determining not only support, but whether attorney fees and costs should be awarded to one or the other party. We do not believe the minute order's silence regarding these factors manifests a disregard thereof. Rather, we think the court's previous comments in open court on the motion to reduce spousal support make clear its cognizance of the pertinent considerations affecting the award of attorney fees and costs, and that its reference to Wife's need was a shorthand expression of these factors. The evidence also shows that these factors favored an award of attorney fees and costs in the present case.

Furthermore, there is no requirement that attorney fees be awarded only to prevailing parties, as they may be awarded *against* a prevailing party in family law proceedings. (See Hogoboom & King, Family Law (Rutter 1991) Attorney's Fees and Costs, § 14:13, p. 14-12.4.) Thus, we believe the court correctly concluded that Husband should bear a significant part of the burden imposed upon Wife as a result of his efforts, despite any earlier signals of encouragement to Husband.

### Disposition

The order awarding attorney fees is affirmed.

Agliano, P. J., and Cottle, J., concurred.