Filed 6/22/21  Marriage of Behrend CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of DAVID and ILLANA BEHREND. | B305380<br><br>(Los Angeles County<br>Super. Ct. No. BD519416) |
| DAVID BEHREND,<br><br>　　　　Appellant,<br><br>　　v.<br><br>ILLANA BEHREND,<br><br>　　　　Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Emily T. Spear, Judge.  Reversed.

Kermisch & Paletz, Lauren M. Lookofsky and Eden C. Bautista for Appellant.

Law Offices of Michael T. Frawley and Michael T. Frawley for Respondent.

David Behrend (husband) appeals a postjudgment order (Code Civ. Proc., § 904.1, subd. (a)(2)) that increased his child support obligation to $10,658 per month and ordered him to pay $20,000 in attorney fees to counsel for Illana Behrend (wife).

Wife's DissoMaster report, which the trial court adopted, stated that her monthly income is only $2,625. However, that figure, from September 2019, was not reflective of her average income, was contradicted by the attachments to wife's income and expense (I&E) declaration, and was not supported by substantial evidence in the record. Further, wife's I&E declaration was incomplete and lacked supporting documentation. Therefore, the order modifying child support and awarding attorney fees to wife is reversed.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in 2003 and were separated in 2010. There are three minor children of the marriage, born in 2004, 2006 and 2008. The judgment of dissolution, entered in 2014, provided for joint legal custody and shared physical custody of the minors. With respect to child support, the judgment ordered husband to pay wife the sum of $989 per month, based upon his monthly earnings of $5,000.

1. *Wife's original request for an order (RFO) to modify child support.*

On May 6, 2019, wife, who was then self-represented, filed a request for an order (RFO) to modify the amount of child support from $989 per month to the amount of "the child support guideline."

2

2. *Husband's order to show cause (OSC) re contempt.*

On May 31, 2019, husband filed an OSC and affidavit for contempt. He requested that wife be held in contempt for her alleged failure to pay $126,712 in reimbursements and attorney fees pursuant to the terms of the 2014 judgment.

In opposition, wife argued that husband brought the OSC to retaliate against her for seeking increased child support, the statute of limitations within which to bring a contempt had expired, and husband's requests for reimbursements and attorney fees had been discharged in her bankruptcy proceeding.

On July 9, 2019, the trial court dismissed husband's OSC re contempt with prejudice, finding the OSC was time-barred and that his claims against wife had been discharged in bankruptcy.

3. *Husband's RFO to quash wife's RFO seeking increased child support.*

On June 4, 2019, shortly after filing his OSC re contempt, husband filed an RFO to quash wife's RFO for increased child support. In this filing, husband contended that wife was disentitled from seeking affirmative relief due to her willful failure to comply with the judgment, which was the basis of the pending contempt.

On August 21, 2019, after hearing the matter, the trial court issued an order denying husband's motion to quash wife's RFO.

4. *Wife's amended RFO to modify child support.*

On September 27, 2019, the parties entered into a stipulation to continue the hearing on wife's RFO to modify child

support, then scheduled for hearing on October 18, 2019, to a later date, and that wife would re-file her RFO.[1]

On September 30, 2019, pursuant to the stipulation, wife, who was now represented by counsel, refiled her RFO, again seeking support for each child "based on the child support guideline." Her papers include a DissoMaster report that set child support at $10,658 per month, predicated on husband's monthly income of $91,922 and her monthly income of $2,625. Wife's supporting declaration stated, inter alia:

Husband's income had increased substantially since the 2014 judgment, at which time he was earning $5,000 per month. This was evidenced by the fact that in 2018, husband purchased a home in Pacific Palisades for $2.9 million. Husband filed a loan application in February 2019 to refinance said property. In the loan application, a copy of which was attached as an exhibit, husband stated his monthly income is $74,809. In addition, husband earns $5,000 per month from Camden Realty Group (Camden) and an average of $12,630 per month as an Airbnb host, by renting out the lower level of his primary residence.[2]

With respect to her income, wife filed an I&E declaration that stated she is a self-employed freelance producer, her most

---

[1]     The stipulation also provided that any modification of support would be retroactive to May 6, 2019, the initial filing date of wife's RFO.

[2]     Husband contends his income from Camden and Airbnb should not have been counted separately, as those sources of income are simply part of his total income. It is unnecessary for purposes of this appeal to resolve whether husband's income from Camden and Airbnb was improperly double counted by wife and by the trial court.

4

recent job ended on September 15, 2019, in the last month she had earned $2,625 and that her average monthly income is $5,250.

5. *Husband's response to the RFO.*

In opposition, husband contended that wife was disentitled from seeking affirmative relief because she remained in violation of the judgment that required her to pay reimbursements and attorney fees totaling $126,712.

Husband also asserted the $74,809 monthly income shown on his loan application was incorrect, stating "[i]n order to obtain a loan, it was necessary to make this representation." He stated his actual monthly income is $5,000 from Camden, plus $2,735 which was his net income from his properties and Airbnb.

Husband further argued that wife's RFO should be denied due to her incomplete I&E declaration and lack of supporting financial documentation. Among other things, the I&E declaration left blank the amount of wife's job-related expenses, the date of her last payment on a loan from her mother, and the amount of business income she received from IAMI LLC. Under "employment" wife stated she was self-employed, but she failed to provide the required documentation, either a Schedule C or profit and loss statements.

Husband's papers also include a copy of a rental application by wife, in which she indicated that she was self-employed and was earning $12,000 per month, and stated "I am providing my company, IAMI of Style and Stone bank statements." Further, according to "subpoenaed records, in August 2019 alone [wife] cashed checks from her business IAMI LLC in the amount of $10,000." Husband's exhibit 17 included copies of four checks from IAMI LLC, an entity located at wife's home address, payable

5

to wife, dated August 2, 9, 16 and 23, in the amount of $2,500 each.

6. *Wife's reply papers.*

With respect to the $2,625 monthly income shown on wife's DissoMaster, she denied that she had under-reported her income. She stated she had declared $12,000 in monthly income on her rental application simply to enable her to qualify for a lease on an apartment. Also, wife's reply declaration denied that she owned a business or that she was self-employed.

7. *Hearing and trial court's ruling.*

On November 8, 2019, the matter came on for hearing. Both parties were present and were represented by counsel.

The trial court stated: "I didn't spend a great deal of time trying to piece together everything, because both parties attached quite a deal of things." The court noted "[b]oth of you are claiming that their income is different than what it is," but based on the parties' "widely different" lifestyles, it found that husband was the one who was "being disingenuous [as to] the amount of income that he's actually making." The court adopted wife's DissoMaster, which was based on her earning $2,625 per month, to increase child support to $10,658 per month.

On November 8, 2019, the court issued a minute order that ordered monthly child support of $10,658 commencing May 15, 2019, awarded $20,000 in attorney fees to wife, and directed wife's counsel to prepare a written order after hearing.

On March 20, 2020, husband filed notice of appeal from the November 8, 2019 order.

6

On July 6, 2020, the court signed and filed a formal order after hearing.  Thereafter, on October 13, 2020, the trial court signed and filed an amended order after hearing.[3]

**CONTENTIONS**

Husband contends:  (1) the order modifying child support was  not computed according to the guideline formula nor accompanied by a finding of special circumstances to deviate therefrom; (2 there is no substantial evidence to support the trial court's factual findings underlying the modification of child support; (3) the trial court abused its discretion by:  modifying child support without finding a material change of circumstances; by ordering support retroactive to May 6, 2019, the original filing date of the RFO;[4] by proceeding with the hearing without a current and complete I&E declaration; and by ordering him to pay a contributive share of wife's attorney fees; and (4) wife was disentitled from seeking child support or attorney fees because she is in violation of the judgment.

Wife contends the appeal should be dismissed as premature, or alternatively, that the order should be affirmed because it is supported by substantial evidence and was a proper exercise of the trial court's discretion.

---

[3]    The July 6, 2020 order after hearing is before this court by way of husband's motion to augment the record (motion filed 3/23/2021), which is hereby granted.  The record is further augmented with the amended order after hearing that was signed and filed on October 13, 2020.

[4]    In fact, the trial court made the modification order retroactive to May 15, 2019, not May 6, 2019.

## DISCUSSION

1. *Preliminary issues.*

    a. *Appealability.*

In the respondent's brief, wife contends that husband's appeal from the November 8, 2019 minute order must be dismissed as premature.

The argument lacks merit. We construe the notice of appeal filed March 20, 2020 to be a premature but timely appeal from the formal order that was entered subsequently. (Cal. Rules of Court, rule 8.104(d).) Therefore, we shall resolve the appeal on the merits.

    b. *No merit to husband's contention that wife was disentitled from seeking a modification of child support.*

Husband contends wife was disentitled from obtaining a modification of the child support provision in the judgment because she is in violation of the judgment, which required her to pay him the total sum of $126,712. We note this is the same argument that husband twice made unsuccessfully in the trial court, i.e., on his OSC re contempt, which the trial court dismissed with prejudice, and on his motion to quash wife's RFO to modify child support, which the trial court denied.

We conclude husband's contention that wife was disentitled from bringing an RFO to modify child support is meritless. It is well settled that the child support obligation runs to the child and not the parent, the law imposes upon parents the obligation of supporting their children, and the children's right to such support cannot be limited or abrogated by their parents. (*In re Marriage of Comer* (1996) 14 Cal.4th 504, 517.) Therefore, wife's alleged failure to reimburse husband for sums due pursuant to

8

the judgment did not preclude her from seeking increased child support on behalf of the minors.

2. *The order for increased child support pursuant to wife's DissoMaster must be reversed because wife's claimed monthly income of $2,625 is not supported by substantial evidence, and because her financial information was incomplete.*

a. *Governing principles re child support and standard of appellate review.*

We begin with the premise that the "duty of a parent to support the parent's child or children is a fundamental parental obligation." (*Moss v. Superior Court* (1998) 17 Cal.4th 396, 405.) California has established a mandatory, statewide uniform guideline to determine court-ordered child support. (See Fam. Code, §§ 4050–4076.)[5] "[T]he uniform guideline statutes require that, in determining the appropriate amount of child support (whether pendente lite, permanent, or on a request for modification of an existing order), all California courts must adhere to the guideline formula." (*In re Marriage of Laudeman* (2001) 92 Cal.App.4th 1009, 1013.) In so doing, courts are to adhere to the principle that "[a] parent's first and principal obligation is to support the parent's minor children according to the parent's circumstances and station in life." (§ 4053, subd. (a).)

Section 4055 sets out the mathematical formula to be applied to parents' incomes. (§ 4055, subds. (a), (b).) Because section 4055 "involves, literally, an algebraic formula," trial courts may use a computer program called DissoMaster to make the guideline child support calculation. (*In re Marriage of Schulze* (1997) 60 Cal.App.4th 519, 523–524, fn. 2.) The guideline calculation of child support based on the parties'

_____

[5] Undesignated statutory references are to the Family Code.

incomes—using the standard DissoMaster software to apply the statutory formula—is presumptively correct. (§ 4057, subd. (a); *In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1359.)[6]

The statutory scheme also permits a trial court to modify or terminate a child support order "at any time as the court determines to be necessary." (§ 3651, subd. (a).) A party seeking modification of a child support order must " 'introduce admissible evidence of changed circumstances.' " (*In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1234.) "The party seeking the modification bears the burden of showing that circumstances have changed such that modification is warranted. [Citation.]" (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1054.)

Bearing in mind the strong public policy in favor of adequate child support, a trial court's award concerning child support is reviewed under the deferential abuse of discretion standard. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 555.)

---

[6] Section 4057 states in relevant part: "(a) The amount of child support established by the formula provided in subdivision (a) of Section 4055 is presumed to be the correct amount of child support to be ordered. [¶] (b) The presumption of subdivision (a) is a rebuttable presumption affecting the burden of proof and may be rebutted by admissible evidence showing that application of the formula would be unjust or inappropriate in the particular case[.]"

b. *The DissoMaster report that the trial court adopted, which was predicated on wife's earning $2,625 per month, is not supported by substantial evidence.*

The DissoMaster report that wife submitted, and that the trial court adopted in awarding $10,658 in monthly child support, was based on wife's monthly income being $2,625. There are various problems with that figure.

First, wife's I&E declaration, filed in October 2019, stated that her income the previous month was $2,625 and that her average monthly income is $5,250. It is established that time samples must be fair and representative when a spouse has fluctuating income (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1081-1082), and that it is an abuse of discretion "to take so small a sliver of time to figure income that the determination essentially becomes arbitrary." (*Id.* at p. 1083.) Here, wife's stated income for September 2019 was not representative of her average monthly income and thus was not a proper basis for calculating child support.

Further, wife's asserted monthly income figure of $2,625 was contradicted by the attachments to her own I&E declaration. Her attachments showed the following:

Contrary to wife's I&E declaration, which stated wife had gross pay of $2,625 in September 2019, a pay stub from Walter Isaacson (Isaacson) indicated her gross pay for 9/1/2019 to 9/15/2019 was $9,350, at the rate of $106.25 per hour. Further, Isaacson paid her $17,425 in August 2019, as well as $3,825 during July 2019. Wife's attachments also showed earnings from Dailey & Associates (Dailey) of $9,600 for the first half of May 2019, $12,600 in April 2019, and $4,200 for the second half of March 2019. In sum, wife's attachments showed that in the six

11

months between mid-March and mid-September, she had gross pay of $57,000 or an average of $9,500 per month.

Turning to husband's exhibits, they showed the following: Wife earned another $6,000 from Dailey for the second half of May 2019 (not included among wife's exhibits). In addition, husband provided a copy of wife's rental application, in which she stated that IAMI was her company, as well as copies of five recent checks from IAMI (located at wife's address) payable to wife. The checks were each in the amount of $2,500 and were dated 7/26/2019, 8/2/2019, 8/9/2019, 8/16/2019, and 8/23/2019.

Wife had no response to this evidentiary showing by husband. In her reply declaration, she denied owning a business or being self-employed and stated: "[Husband] continuously misrepresents to the Court that I own a business or that I am self-employed." However, wife's assertion that she was not self-employed is belied by her I&E declaration, in which she stated she is "Self employed, Freelance Integrated Producer."

In sum, there is no substantial evidence to support the DissoMaster's input data that wife's monthly income is $2,625. Therefore, the order that awarded $10,658 per month in child support, based on wife's earning merely $2,625 per month, must be reversed.

c. *The matter cannot simply be remanded for the trial court to recalculate support; the reversal is without prejudice to wife's bringing a new RFO based upon current and accurate date and fully supported by financial documentation.*

The next issue is how this matter should proceed on remand. As explained, the child support order cannot simply be reversed and remanded for the trial court to recalculate the proper amount of support based on the existing papers. Instead, the order modifying child support shall be reversed without prejudice to wife's filing a *new* RFO based upon current data, with an accurate and complete I&E declaration and supporting documentation. This resolution is required by the following principles.

First, a party "requesting support orders must include a current, completed Income and Expense Declaration (form FL-150)." (Cal. Rules of Court, rule 5.260(a)(1).) Therefore, the I&E declaration that wife filed in October 2019 is now outdated.

Further, "[t]he parties must completely fill in all blanks on financial declarations (including the Income and Expense Declaration), as required by California Rules of Court, rule 5.92." (Super. Ct. L.A. County, Local Rules, rule 5.9.) Here, wife's I&E declaration was incomplete. Among other things, under job-related expenses not reimbursed by an employer, it stated "TBD"; for personal property assets, instead of providing an estimate of fair market value, it stated "Minimal"; although the I&E declaration stated wife is "Self employed," it showed her income from self-employment is zero; and with respect to a debt owed to her mother, the "Date of last payment" was left blank.

Additionally, an I&E declaration must be supported by financial documentation. The FL-150 form, in pertinent part,

13

requires an applicant to "attach a profit and loss statement for the last two years or a Schedule C from your last federal tax return." Notwithstanding the recent checks that wife received from her company, IAMI LLC, as shown in husband's exhibits, and notwithstanding the statement in wife's I&E declaration that she is self-employed, wife did not attach a profit and loss statement to her I&E declaration, and then filed a reply declaration in which she denied that she owns a business and denied that she has any self-employment income.

For all these reasons, the trial court cannot proceed on the instant RFO and the matter will have to be redetermined, in the event wife chooses to file a new RFO for a modification of child support, based upon a proper showing.[7]

5. *Award of attorney fees must also be reversed.*

As indicated, the trial court also awarded wife $20,000 in attorney fees in connection with her RFO for increased child support.

An award of attorney fees under section 2030 is supposed to ensure the parties are in positions of relatively equal litigating strength in light of their respective abilities to pay for legal representation. (*In re Marriage of Cryer*, *supra*, 198 Cal.App.4th at p. 1056. Thus, "prevailing party" status does not govern the decision on a request for need-based attorney fees under section 2030. (*In re Marriage of Hublou* (1991) 231 Cal.App.3d 956, 966; 33A Cal.Jur.3d (2021) Family Law § 1333.) Therefore, wife may recover attorney fees irrespective of the outcome of her RFO.

---

[7] In the event that wife does file a new RFO for modification of child support, we express no opinion as to the date to which any new modification order could be made retroactive, as that issue has not been briefed and is beyond the scope of this appeal.

14

Nonetheless, our reversal of the order awarding increased child support also requires reversal of the award of attorney fees because wife's attorney fee request is related to the parties' respective financial circumstances. (*In re Marriage of Kochan* (2011) 193 Cal.App.4th 420, 431.) The trial court may reconsider the issue of attorney fees on remand, after redetermining the merits of the child support order. (*In re Marriage of Corman* (1997) 59 Cal.App.4th 1492, 1502.)

As a separate basis for reversal of the attorney fee award, we also note that the trial court failed to make the express findings that are required by section 2030, subdivision (a)(2).)[8] (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1052-1053; 33A Cal.Jur.3d (2021) Family Law § 1344.)

6. *Other issues not reached.*

Because the order modifying child support and awarding attorney fees to wife must be reversed for the reasons stated above, it is unnecessary to address the parties' remaining arguments.

---

[8] Section 2030 states in relevant part at subdivision (a)(2): "When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs."

## DISPOSITION

The postjudgment order that increased child support to $10,658 per month and awarded $20,000 in attorney fees to wife is reversed. The parties shall bear their respective costs on appeal.

**NOT TO BE PUBLISHED**


KALRA, J.*


We concur:



LAVIN, Acting P.J.



EGERTON, J.

_____

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.