[No. B039925. Second Dist., Div. Five. Sept. 20, 1990.]

PERSONNEL COMMISSION OF THE LYNWOOD UNIFIED SCHOOL DISTRICT, Plaintiff and Respondent, v. BOARD OF EDUCATION OF THE LYNWOOD UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

**COUNSEL**

Brown & Conradi, William E. Brown and Penn Foote for Defendant and Appellant.

Hill, Farrer & Burrill, Darlene Fischer Phillips and Deborah A. Sanowski for Plaintiff and Respondent.

Robert S. Gerstein as Amicus Curiae.

**OPINION**

**BOREN, J.—** May the governing board of a merit system school district reduce the workweek of the district's personnel director? After rehearing this question, we conclude that the district's personnel commission alone, rather than its governing board, has the authority to appoint, supervise and determine the workweek of the personnel director. Accordingly, we affirm the trial court's judgment ordering the Lynwood Board of Education to restore the personnel director of its school district to full-time status.

FACTS

On April 26, 1988, the members of the Board of Education of the Lynwood Unified School District (the Board) voted unanimously to reduce the position of the director of classified personnel to a half-time position, and transferred a portion of the duties performed by the director to another office in the district. At the time, the position of director of classified personnel was vacant.

Six weeks after the Board took this action, the Personnel Commission of the Lynwood Unified School District (the Commission) hired William Hartford to fill the still-vacant position of personnel director. The minutes of the Commission meeting held on June 2, 1988, indicate that Hartford was hired as a full-time employee. On June 14, 1988, however, the Board

voted to approve/ratify the employment of Hartford as a half-time employee. When Hartford began work on June 20, 1988, he was informed that he would only be paid for 20 hours per week and not as a full-time personnel director.

The Commission then filed the petition for a writ of mandate at issue here, seeking to compel the Board to rescind its action reducing the personnel director to a half-time position. The Commission also sought a declaration stating that it alone is empowered to hire a personnel director on a basis which it determines is appropriate, and that the Board has no power to reduce that position. The grounds for the petition were that the statutes governing the operation and duties of the Board and the Commission made the Board's action illegal.

On June 30, 1988, the trial court issued an alternative writ commanding the Board to pay the personnel director a full-time salary until the court ruled on the merits of the petition. The Board filed a demurrer to the petition which was overruled by the trial court on September 9, 1988. The court granted judgment for the Commission on December 9, 1988, and issued a peremptory writ of mandate stating that the Board had abused its discretion by reducing the personnel director to half time, and ordering the Board to give full-time status and salary to Hartford.

The Board appeals.

## DISCUSSION

### 1. *Standard of Review*

■ Code of Civil Procedure section 1085, the "traditional" mandamus statute, may be invoked when, as here, a party seeks judicial review of nonadjudicatory administrative actions.[1] Judicial intervention is warranted when a public entity adopts a rule or makes a policy decision of general application which is shown to be arbitrary, capricious, contrary to public policy, unlawful, or procedurally unfair. Whether the action is tainted by one or more of these factors is a question of law. With respect to these questions the trial and appellate courts perform essentially the same function, and the determinations of the trial court are not conclusive on appeal. (*Lewin* v. *St. Joseph Hospital of Orange* (1978) 82 Cal.App.3d 368, 386-387 [146 Cal.Rptr. 892]; *American Canyon Fire Protection Dist.* v. *County of Napa* (1983) 141 Cal.App.3d 100, 106 [190 Cal.Rptr. 189].)

---

[1] By contrast, had the Board taken action intended to affect the rights of a specific individual, it would have been acting in a quasi-judicial manner, and Code of Civil Procedure section 1094.5 would apply.

## 2. Board's Authority to Alter the Status of the Personnel Director

██ As a general rule, the governing board of a school district, in this case the Lynwood Board of Education, has a duty to "employ, pay, and otherwise control the services" of classified employees. (Ed. Code, § 45241.)[2] The personnel director is a classified employee. (§ 45104.) However, in a district which has adopted a merit system, the Board's authority over classified employees does *not* extend to those persons employed as part of a personnel commission staff. (§ 45109.)[3]

Because the members of the Commission's staff are expressly exempted from Board supervision, this duty falls to the Commission itself. Section 45264 states that "[t]he commission shall appoint a personnel director within 90 days after the adoption of a merit system from an eligibility list established from a competitive examination given under the auspices of the commission. The commission shall appoint all employees paid from funds budgeted for the support of the commission and shall supervise the activities of those employees that are performed as part of the functions of the commission. Such employees shall be appointed from eligibility lists established pursuant to the provisions of this article, be classified employes of the school district and be accorded all the rights, benefits, and burdens of any other classified employee serving in the regular service of the district, including representation by the appropriate exclusive representative, if any."

The personnel director is clearly an employee who performs activities as part of the operation of the personnel commission, within the meaning of section 45264. Specifically, he or she is "responsible to the commission for carrying out all procedures in the administration of the classified personnel," is the secretary of the commission, and is responsible for preparing an annual report sent by the commission to the school board. (§ 45266.)

██ Thus, although there is broad language in the Education Code regarding the Board's control over the employment, hours and pay of classified employees,[4] we believe that when read as a whole, the system created

---

[2] All further statutory references are to the Education Code unless otherwise indicated.

[3] Section 45109 states that "Governing boards shall fix and prescribe the duties to be performed by all persons in the classified service and other positions not requiring certification qualifications of the school district, *except those persons employed as a part of a personnel commission staff as provided in Article 6* (commencing with Section 45240) of this chapter. [¶] This section shall apply to districts that have adopted the merit system in the same manner and effect as if it were a part of Article 6 (commencing with Section 45240) of this chapter." (Italics added.)

[4] For example, section 45127 allows the Board to establish a workday of less than eight hours "for all or any of its classified positions."

by the Legislature was intended to prevent the Board from interfering with the functioning of not only the members of the Commission, but with the Commission's appointed, classified employees as well. This result is evident from the Legislature's decision, in 1981, to amend section 45264 to give the Commission the right to classify and supervise the activities of its own employees. Until that amendment was made, only the Board had the power, pursuant to section 45241, to control the services of classified employees.

In addition, the Commission prepares an annual budget for its own office which must be included by the Board in the regular budget for the school district. Respondent has provided us with the forms used to formulate the budgets of the personnel commissions in school districts in the County of Los Angeles, which reveal that the practice followed in this county is to include the salary of the personnel director in the commission's budget. While the Commission must solicit the views of the Board regarding this budget, it is subject to action by the county superintendent of schools, not by the Board. In the absence of an agreement between the Commission and the superintendent on the Commission's proposed budget, the budget of the preceding year determines the amount of the new budget, and the items of expenditure are determined by the Commission. (§ 45253.) We take judicial notice of the Digest of 1935 Legislation produced by the state Department of Education, which relates to the creation of a civil service in school districts, and which states that the personnel commission is to be "financially in all respects independent of [the] governing board of the district."

In sum, the various provisions of the Education Code relating to the Commission lead us to believe that the Legislature intended to prevent the Board from interfering with the operation of the Commission. To this end, the Legislature allows the Commission to be financially independent by formulating its own budget; to be politically independent by appointing its own staff; and to be functionally independent by supervising its own employees. This independence would be compromised if the Board were permitted to dictate the workweek of the Commission's primary employee—its director/secretary—whose salary has already been budgeted by the Commission, according to its needs.

In light of our determination that the Board lacks authority to alter the workweek of the personnel director, we affirm the trial court's judgment ordering the Lynwood Board of Education to restore the personnel director of the Lynwood Unified School District to full-time status.

## DISPOSITION

The judgment is affirmed.

Lucas, P. J., and Ashby, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 13, 1990.