[No. B077212. Second Dist., Div. Four. Oct. 5, 1995.]

BARBARA F. HAGGARD, Plaintiff and Respondent, v.
ROBERT S. HAGGARD, Defendant and Appellant.

## COUNSEL

Salvador Alva for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Mary A. Roth, Deputy Attorney General, and Carol Ann White for Plaintiff and Respondent.

## OPINION

**EPSTEIN, J.**—In this case, we hold that a trial court is not authorized to allow a child support hardship deduction to a noncustodial parent based on that party's voluntary support of nonadopted children of his spouse in a subsequent marriage.

### FACTUAL AND PROCEDURAL SUMMARY

This case is presented to us on an agreed statement, pursuant to California Rules of Court, rule 6. Through this method, counsel for the parties have commendably distilled the factual materials in order to present a single principal question of law. It is one the trial court encouraged them to present. That court ruled as it did after concluding that it had no discretion to rule otherwise on the issue of a hardship deduction, but it made it clear that it would have granted the deduction if it were empowered to do so. We believe this expression by the court also is commendable.

The facts of the case, which we take principally from the agreed statement, may be quickly summarized.

Robert S. and Barbara F. Haggard (referred to here, respectively, as husband and wife) were married in 1970. There are two children of their marriage, Korenna (born February 1974) and Shawn (born October 1975). Husband and wife were divorced in Florida in 1975. Wife was awarded

physical custody of the children. The court ordered husband to pay $25 per week in child support for each child, until the child reaches age 18.

Each spouse remarried. In the wife's case, the net monthly disposable income of her household is $3,917.45. The younger child, Shawn, was living with her at the time of the trial court proceedings in this case (May 1993). The gross monthly income of husband's household is $2,176.

In May 1989, wife instituted a proceeding under the Uniform Reciprocal Enforcement of Support Act (former Code Civ. Proc., § 1650 et seq.; now, Fam. Code, § 4800 et seq.). This resulted in a July 1990 order increasing the level of support for each child to $162 per month. As before, support was ordered to be paid for each child until that child reaches age 18 (or marries, dies, is emancipated, or upon further order of the court).

In March 1993, husband petitioned the court for a reduction of child support payments. In his petition, he established that he has a daughter (age two) of his present marriage, and that he is supporting three of his present wife's children. Two of these children (ages 14 and 17) are minors, and the third is an adult. Their natural father has absconded, and provides no support.

The trial court granted husband a $263 per month hardship deduction, based on the daughter of his new marriage. That brought his support obligation for Shawn (the only child of his marriage still a minor) to $149 per month. The court also ruled that Civil Code section 4721, then in force, precluded it from recognizing a hardship deduction for the minor and unadopted children of his present wife. The court suggested, however, that if it were legally permitted to do so by that statute, it would have granted a further hardship deduction of $526 in recognition of husband's support of these children. That would have reduced husband's support obligation for Shawn to $21 per month.

The court expressed its desire for appellate review of the case, "to determine whether under certain circumstances, it has discretion to grant a hardship [deduction] to a noncustodial parent for support given to step-children who live with him yet have not been adopted." Husband obliged the court by filing a timely notice of appeal. We conclude that the trial court's ruling was correct, and affirm.

### DISCUSSION

This case was tried before the January 1, 1994, operative date of the new Family Code. (Stats. 1992, ch. 162, § 13.) We therefore cite the Civil Code

provisions then in force, with occasional notes to the corresponding provisions of the new law.

The case concerns aspects of the Agnos Act (former Civ. Code, §§ 4720-4732; see now Fam. Code, §§ 4050-4076), a statute enacted to provide a "single standard to promote equitable, adequate child support payments." (Former Civ. Code, § 4720 subd. (a).) That law established a uniform formulaic guideline for determination of the amount of child support payments, and provided that it be followed in all cases except for the special circumstances listed in former section 4721. (Former Civ. Code, § 4720 subd. (a)(2).) The guideline was intended to be "presumptively correct in all cases, and only under special circumstances should child support orders fall below the child support mandated by the guideline formula." (Former Civ. Code, § 4720, subd. (a)(3)(K).)

It is not necessary to discuss the statutory formula in detail. (See generally, *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946, 951 [238 Cal.Rptr. 691].) The net disposable income of the "high earner" is one of the factors in the statutory formula. (Former Civ. Code, § 4721.) Provision was made for modification of the guideline level of support payment, based on hardship. (Former Civ. Code, § 4721, subd. (g)(7).) ■ "A determination regarding whether a modification in a support award is warranted will be upheld in the absence of an abuse of discretion." (*In re Marriage of Kepley*, *supra*, 193 Cal.App.3d 946, 951 [child support case].)

## A

The hardship section, Civil Code former section 4721, subdivision (g)(7), provided that in computing annual net disposable income for a parent, there shall be: "A deduction for hardship, as defined by Section 4722 and applicable published appellate court decisions. The amount of the hardship shall not be deducted from the amount of child support but shall be deducted from the income of the party to whom it applies. In applying any hardship under subdivision (b) of Section 4722, the court shall seek to provide equity between competing child support orders." (See now Fam. Code, § 4059, subd. (g).)

Former Civil Code section 4722 stated that the court may allow income deductions under section 4721 "[i]f a parent is experiencing extreme financial hardship due to justifiable expenses resulting from the circumstances enumerated in this section," if requested to do so by that party. Subdivision (a) referred to extraordinary health expenses for which the parent is financially responsible, and uninsured catastrophic losses. Subdivision (b) referred to minimum basic living expenses of either parent's natural or

adopted children whom that parent is obligated to support, from other marriages or relationships, and who reside with the parent. (See now Fam. Code, § 4059, subd. (g), and Law Revision Com. com., Deering's Ann. Fam. Code (1994 ed.) foll. § 4059, p. 813, that the new provision continues the former law without substantive change (23 Cal. Law Revision Com. Rep. (1993) p. 1).)

■ Husband makes no argument that he satisfies any of the criteria of Civil Code former section 4722, except with respect to the child of his present marriage, for which the court granted a hardship deduction. He relies, instead, on the provision in subdivision (g)(7) of former section 4721 permitting a deduction for hardship as defined by section 4722 "and applicable published appellate court decisions." He argues this clause gives courts discretion to recognize the expenses he is incurring in supporting the minor children of his present wife, neither of whom he has adopted. He concedes he has no legal obligation to support them, but he relies on a moral and humanitarian duty to do so.

We note, initially, that even a literal reading of the provision did not allow the trial court to recognize the deduction husband is claiming, since there concededly were no published appellate decisions that recognized it, let alone any that defined it. We take his argument to be that this court, as an appellate tribunal, should publish an opinion recognizing the deduction he claims, and remand the case for retroactive application of our decision.

We believe the reference to "applicable published appellate court decisions" was included in the statute to make explicit that the statute is to be applied as construed in authoritative appellate decisions. It would not comport with the separation of powers principle to construe it to allow appellate courts to add to or diminish statutory law. Certainly, it does not vest appellate courts with a roving commission to adjust Agnos Act guidelines to accomplish what our notion of justice may be in a particular case. To the contrary, the appellate decisions have limited the authority of courts to grant hardship deductions to those specifically recognized in the statute. (See *County of San Diego* v. *Sierra* (1990) 217 Cal.App.3d 126, 129, 132-133 [265 Cal.Rptr. 749] [error to grant hardship deduction for voluntary expenditures made to support noncustodial spouse's parents and two unemployed siblings, even though it appeared that these persons would "end up being supported by the county" if not supported by the spouse]; *In re Marriage of Norvall* (1987) 192 Cal.App.3d 1047, 1056 [237 Cal.Rptr. 770] [debts from failed business do not qualify for hardship deduction].)

B

■ Husband makes an alternative argument: that the trial court could have recognized his expenses in support of the minor children of his present

wife under former Civil Code section 4720, subdivision (a)(3)(K) which, as we have noted, implies that child support orders falling below the guideline formula may be allowed "only under special circumstances." That section should be read with former Civil Code section 4721, subdivisions (d) and (e). Subdivision (d) provided a rebuttable presumption affecting the burden of proof (see Evid. Code, § 606) that the guideline level of child support is the correct amount to be ordered. Subdivision (e) allowed rebuttal of the presumption on a showing that application of the formula would be unjust or inappropriate in the particular case because one or more specified factors would make the guideline "unjust or inappropriate in the particular case." Six factors are set out, of which the last read: "(6) Application of the formula would be unjust or inappropriate due to special circumstances in the particular case. These special circumstances include, but are not limited to, the following: cases in which the parents have different time-sharing arrangements for different children; cases in which both parents have substantially equal time-sharing of the children and one parent has a much lower or higher percentage of income used for housing than the other parent; and cases in which the children have special medical or other needs that could require child support that would be greater than the formula amount." (See now Fam. Code, § 4057.)

In *County of Lake* v. *Antoni* (1993) 18 Cal.App.4th 1102, 1105 [22 Cal.Rptr.2d 804], the court read the former statutory provisions together to recognize trial court discretion to affirm an order setting child support payments below the guideline amount because of the paying parent's servicing a staggering debt burden and supporting stepchildren.

In a special case, the provisions construed in *Antoni* appear to allow a variance from the guideline in recognition of a spouse's support of children of a new marriage who otherwise would be without support. We note, initially, that this argument does not appear to have been made to the trial court, which confined its ruling to the statute governing hardship deductions.

Beyond that, the circumstance that a parent may remarry and wish (or feel obligated) to support the minor children of his or her new spouse, living in the household, hardly seems unusual. Where those children are not adopted by the spouse, the latter's principal obligation must be to the children of his or her former marriage whom he or she is under a court order to support. That is especially true where allowing the spouse's claim would, as in this case, reduce the support to the children of the former marriage to a negligible amount. Finally, we note that by the time husband filed the petition that gave rise to the present proceedings, and at the time it was denied (May 1993) only five months of support remained before Shawn reached his

eighteenth birthday; by now he is an adult and, we assume, the obligation for continuing support has ended.

## DISPOSITION

The order denying modification of the amount of child support is affirmed.

Woods (A. M.), P. J., and Klein, J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.