[No. B105905. Second Dist., Div. Five. Dec. 15, 1997.]

In re the Marriage of CLIFFORD L. and CINDY CORMAN.
CLIFFORD L. CORMAN, Respondent, v.
CINDY CORMAN, Appellant.

## COUNSEL

Jeffrey W. Doeringer for Appellant.

Marjorie G. Fuller and George S. Zugsmith for Respondent.

## OPINION

**GRIGNON, Acting P. J.**—Appellant Cindy Corman appeals from a post-dissolution judgment child support order entered in favor of her former husband, respondent Clifford L. Corman. Cindy[1] contends that the family law court abused its discretion by, in effect, including nonmodifiable spousal support paid to her by Clifford as an item of her gross income for purposes of determining child support. We conclude spousal support received from a party to the child support proceedings does not constitute gross income for purposes of determining the presumptively correct guideline child support under Family Code sections 4055 and 4058. We conclude further that a trial court may not exercise its discretion to consider spousal support received from a party to the child support proceedings as a special circumstance justifying departure from the guideline under Family Code section 4057. Accordingly, the postjudgment order modifying child support must be reversed.

### FACTS AND PROCEDURAL BACKGROUND

Clifford and Cindy were married on June 20, 1981, and separated on November 20, 1992, after a marriage of 11 years. Clifford is a board-certified child, adolescent, and family psychiatrist. Cindy is unemployed, but has a postgraduate education. The parties have twin children, Jacob and Michael, who were born on February 28, 1982.

---

[1]We use the parties' first names for ease of reference and not out of disrespect.

The family law court entered a judgment of dissolution on November 16, 1993, incorporating the provisions of a marital settlement agreement. The parties' assets included homes in Long Beach and Rancho Mirage. Clifford and Cindy agreed to share physical custody of the twins, who would continue to attend school in the Long Beach area. Cindy would claim the children as dependents for income tax purposes. The parties agreed that Clifford would pay Cindy $1,500 per month in child support and $4,000 per month in spousal support. The spousal support order was nonmodifiable and payable until either party's death, Cindy's remarriage, or June 1, 2005. At the time of the dissolution judgment, neither party was employed and Clifford was receiving disability income. The $4,000 per month in spousal support was sufficient to meet Cindy's needs consistent with the standard of living that the parties had established during their marriage.

On January 30, 1996, Clifford filed an order to show cause to modify the existing child support order. Cindy had moved to the home in Rancho Mirage and had attempted to sell the property without success. She then had rented the property at a loss and had moved into her boyfriend's home in Indian Wells. As a result, she had never shared custody of the children as contemplated in the dissolution judgment. In fact, she had visited with the children fewer than 10 days a year since 1993. Clifford sought child support from Cindy, an award of the children as dependents for income tax purposes and attorney's fees.

Clifford had remarried in 1994 and was supporting a child from his new marriage and a 17-year-old daughter from a previous marriage, in addition to supporting the twins.

Clifford filed an income and expense declaration stating that his average monthly gross income was $20,247, including salary and investment income, and his net monthly disposable income was $14,087. Clifford claimed $1,310 per month as additional child support expenses, consisting of $518 per month in unreimbursed medical expenses of the twins for psychotherapy, medication, and dental work, and $792 per month in expenses for school, summer camp, and athletics. Clifford also requested a hardship deduction for the two minor children he supported in addition to the twins.

On April 17, 1996, Cindy filed her response. Her income and expense declaration stated that her average monthly gross income, exclusive of spousal support, was $329 and her net monthly disposable income was $222. Cindy rented out the Rancho Mirage home at a significant loss. Cindy had a checking account balance of $100,000 and a retirement account valued between $333,000 and $500,000.

After a hearing on April 25, 1996, the family law court ordered Cindy to pay child support to Clifford of $500 per child per month, retroactive to February 1, 1996. The family law court used a computer software program to calculate the statutory guideline child support. Initially, the family law court did not include the nonmodifiable spousal support in Cindy's gross income, did not take into account the additional child support expenses or the hardships, and calculated Cindy's custody time as 3 percent. The guideline established that Clifford should pay Cindy $36 per month in child support. The guideline did not change when the family law court accorded Clifford two hardship deductions for the two minor children he supported from other marriages.

The family law court found that guideline child support was not appropriate due to two special circumstances: (1) the nonmodifiable spousal support provided Cindy with a steady stream of income; and (2) the guideline was insufficient and unrealistic to provide proper support for the twins, considering that the amount did not adjust for the other two children Clifford was obligated to support. The family law court recalculated child support by including Cindy's $4,000 monthly spousal support as gross income and deducting the spousal support from Clifford's income. Using these numbers, Cindy was required to pay Clifford child support of approximately $1,000 per month. In addition, the family law court noted that Cindy might be responsible for her proportionate share of the additional child support expenses in the amount of $300. Based on this information, the family law court ordered Cindy to pay Clifford child support totaling $1,000 per month. The family law court also found that, under the parties' de facto custody arrangement, Clifford had custody of the twins 97 percent of the year, and ordered that Clifford be permitted to claim the twins as dependents for income tax purposes. The family law court ordered the parties to pay their own legal fees.

Cindy filed a timely appeal from the child support order.

DISCUSSION

*Standard of Review*

██ " ' "[T]he trial court's determination to grant or deny a modification of a support order will ordinarily be upheld on appeal unless an abuse of discretion is demonstrated." [Citation.] Reversal will be ordered only if prejudicial error is found after examining the record of the proceedings

below. [Citation.] However, questions relating to the interpretation of statutes are matters of law for the reviewing court. [Citation.]' " (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1150-1151 [62 Cal.Rptr.2d 466].)

 "We begin with the touchstone of statutory interpretation, namely, the probable intent of the Legislature. To interpret statutory language, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' " (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) " 'Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and common-sense meaning. [Citations.]' " (*Id.* at p. 633.) " 'In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose. . . .' " (*Id.* at p. 634.) " 'The words of the statute must be construed in context, keeping in mind the statutory purpose. . . .' " (*Kane* v. *Hurley* (1994) 30 Cal.App.4th 859, 862 [35 Cal.Rptr.2d 809].) " ' " " 'If the language [of a statute] is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the [Legislature]. . . .' " ' " (*People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 563 [39 Cal.Rptr.2d 374].)

*Calculation of Guideline Child Support*

Effective January 1, 1994, the Legislature adopted the Statewide Uniform Guideline for child support. (Fam. Code, § 4050 et seq.)[2] The family law court uses an algebraic formula to calculate the presumptively correct amount of child support. (§ 4055.) In computing guideline child support, the family law court first determines each parent's annual gross income. Section 4058, subdivision (a) defines gross income expansively: "The annual gross income of each parent means income from whatever source derived, except as specified in subdivision (c) and includes, but is not limited to, the following: [¶] (1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding to establish a child support order under this article. . . ."[3] Section 4058, subdivision (c) excludes from annual gross income any child support received for children of other relationships and payments from public assistance programs.

---

[2] Unless otherwise indicated, all future statutory references are to the Family Code.

[3] Section 4058, subdivision (b) provides: "The court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests

■ The question arises whether spousal support received from a party to the child support proceeding constitutes gross income under section 4058, subdivision (a). We look to the words of the statute in context to ascertain the intent of the Legislature. On the one hand, the definition of gross income in section 4058, subdivision (a) is very expansive. It expressly includes all income except for income specified in section 4058, subdivision (c). Spousal support is not expressly excluded from gross income pursuant to subdivision (c). On the other hand, section 4058, subdivision (a) also sets forth a nonexclusive list of qualifying income. That list explicitly includes "spousal support actually received from a person *not a party* to the proceeding to establish a child support order." (§ 4058, subd. (a), italics added.) Thus, the statute expressly includes nonparty spousal support as income.

Although section 4058 defines gross income broadly, and party spousal support is not expressly excluded, the only type of spousal support specifically included in gross income is spousal support from a person who is not a party to the child support proceeding. By necessary implication, the Legislature did not intend the inclusion of spousal support from a person who is a party to the proceeding. Otherwise, spousal support, without qualification, would have been included in the list of qualifying income. Thus, the specific inclusion of nonparty spousal support as gross income impliedly excludes party spousal support, despite the expansive initial definition of gross income.

In confirming our commonsense construction of the statutory language, we may also look to similar statutes. ■ " 'It is a settled rule of statutory construction that where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different legislative intent existed with reference to the different statutes.' " (*In re* v. *Jose A.* (1992) 5 Cal.App.4th 697, 701-702 [7 Cal.Rptr.2d 44].) ■ Section 4062 allows the family law court to order additional child support for certain expenses, such as child care costs relating to employment and special needs of the children. "The amounts in Section 4062, if ordered to be paid, shall be considered additional support for the children and shall be computed in accordance with the following: [¶] . . . [¶] (c) In cases where spousal support is or has been ordered to be paid by one parent to the other, for purposes of allocating additional expenses pursuant to Section 4062, the gross income of the parent paying spousal support shall be decreased by the amount of the spousal support paid and the gross income of the parent

---

of the children." The family law court was not requested to consider Cindy's earning capacity in lieu of income.

receiving the spousal support shall be increased by the amount of the spousal support received for as long as the spousal support order is in effect and is paid." (§ 4061, subd. (c).)[4]

In sections 4061 and 4062, the Legislature specifically addressed the role of spousal support being paid from one party to the other in considering the allocation of additional child support expenses. The Legislature acknowledged that spousal support being paid between the parties to the proceeding required consideration in apportioning additional child support expenses; however, the Legislature chose to omit spousal support between parties to the proceeding from the definition of gross income for purposes of calculating guideline child support.

We conclude gross income under section 4058 does not include spousal support from a party to the proceeding.[5]

*Special Circumstances*

 In this case, the family law court properly did not include Cindy's spousal support in gross income in determining the guideline child support. However, when the guideline child support payable from Cindy to Clifford was calculated to be zero, the family law court determined that the guideline child support was unjust and inappropriate under the circumstances. Specifically, the family law court found that Cindy's nonmodifiable spousal support constituted a "special circumstance" justifying deviation from the guideline. In this respect, the family law court erred.

The presumption that guideline child support is correct may be rebutted by evidence that application of the formula would be unjust or inappropriate in

---

[4]Thus, Cindy's nonmodifiable spousal support could be taken into account for purposes of apportioning additional child support expenses under sections 4061 and 4062.

[5]We have reviewed the legislative history of the statute. Civil Code section 4721 was the precursor of section 4058. As initially introduced, the bill ultimately enacted into law as Civil Code section 4721 defined gross annual income simply as "income from all sources except child support payments actually received and public assistance payments issued on the basis of a needs determination test." (Assem. Bill No. 1527 (1983-1984 Reg. Sess.) as introduced Mar. 3, 1983.) The July 11, 1983, version of the bill modified this definition by specifically stating that gross income did not include "*any spousal* and child support payments actually received." (*Ibid.*, italics added.) The June 21, 1984 version of the bill did not address spousal support. It provided that gross income included income from whatever source derived and enumerated several items of income without referring to any type of spousal support. It deleted the reference to spousal support as a specific exclusion from gross income. (*Ibid.*) The August 9, 1984, version of the bill specifically included as gross income "spousal support actually received from a person not a party to the order." (*Ibid.*) This language was retained in the version of the bill as finally enacted. Our examination of the legislative history has not revealed the reasoning behind the various revisions regarding spousal support. Thus, the legislative history appears to be of no assistance in construction of the statute.

the particular case because one or more of five factors apply. (§ 4057, subd. (b).) The fifth factor,[6] as stated in section 4057, subdivision (b)(5), is that "[a]pplication of the formula would be unjust or inappropriate due to special circumstances in the particular case. These special circumstances include, *but are not limited to*, the following: [¶] (A) Cases in which the parents have different time-sharing arrangements for different children. [¶] (B) Cases in which both parents have substantially equal time-sharing of the children and one parent has a much lower or higher percentage of income used for housing than the other parent. [¶] (C) Cases in which the children have special medical or other needs that could require child support that would be greater than the formula amount." (Italics added.) The three special circumstances set forth in the fifth factor are not exclusive.

■ "When the trial court exercises its discretion to depart from the statutory guideline amount of child support, as here, we review that departure for an abuse of discretion." (*In re Marriage of Wood* (1995) 37 Cal.App.4th 1059, 1066 [44 Cal.Rptr.2d 236].) The trial court may not, however, exercise its discretion to consider as a special circumstance, income which has been excluded from consideration by the Legislature. (*Ibid.* [new mate income under § 4057.5].) The trial court may not disregard a statutory prohibition against consideration of a particular item of income. (37 Cal.App.4th at p. 1067.) This is so whether the statutory prohibition is express or implied. Moreover, the trial court may not consider excluded income under the guise of determining that application of the guidelines would be unjust or inappropriate. (*Id.* at pp. 1067-1068.)

■ Here, the family law court departed from the guideline because it found that the nonmodifiable spousal support order was a special circumstance sufficient to make application of the guideline inappropriate.[7] However, the family law court may not exercise its discretion by treating as gross income a type of spousal support which the Legislature has excluded from gross income. Moreover, Clifford and Cindy bargained for and agreed to a nonmodifiable monthly spousal support order. The inclusion of spousal support in Cindy's income would result in a de facto modification of the nonmodifiable spousal support order.

We conclude the family law court could not, under the facts of this case, consider Cindy's nonmodifiable spousal support as a special circumstance

---

[6] The parties do not contend that any of the other four factors are applicable.

[7] The trial court also found that Clifford's responsibility for two additional minor children was a special circumstance justifying departure from the guideline. We express no opinion on this issue, but note that the support of other children may be a special circumstance permitting an equitable adjustment of child support. (Cf. *County of Lake* v. *Antoni* (1993) 18 Cal.App.4th 1102, 1105-1106 [22 Cal.Rptr.2d 804]; *Haggard* v. *Haggard* (1995) 38 Cal.App.4th 1566, 1572 [45 Cal.Rptr.2d 638].)

justifying a departure from the guideline. We note that there is no evidence in this case the needs of the children were not being met or the absence of child support from Cindy would create a financial hardship for the children.

*Conclusion*

That portion of the family law court's order requiring Cindy to pay $1,000 in child support must be reversed. On remand, the family law court is to reconsider the issue of child support payable by Cindy to Clifford. It may depart from the guideline if it finds (1) application of the guideline would be unjust or inappropriate, and (2) one or more of the statutory factors is applicable. In determining whether special circumstances exist, the family law court shall not consider Cindy's nonmodifiable spousal support, but may consider any other appropriate special circumstances. Because we reverse the child support order, we do not reach the attorney's fee issue. The trial court will reconsider the attorney's fee issue on remand after redetermining the merits of the child support order. Cindy has raised no issues concerning the other portions of the order and we do not disturb them.

### DISPOSITION

The postjudgment order modifying child support is reversed. The matter is remanded to the family law court for further proceedings consistent with this opinion solely on the issue of the amount of child support, if any, Cindy should be required to pay to Clifford and any award of attorney's fees. The parties are to bear their own costs on appeal.

Armstrong, J., and Godoy Perez, J., concurred.